## COLBERT et al. v. TOLL et al.

Circuit Court of Appeals, Sixth Circuit.
April 5, 1929.

No. 5133.

Phil M. Canale, of Memphis, Tenn. (Hamilton E. Little and Holmes, Canale, Loch & Glankler, all of Memphis, Tenn., on the brief), for appellants.

J. W. Canada, of Memphis, Tenn. (Canada, Williams & Russell, of Memphis, Tenn., on the brief), for appellees.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge. Suit by Laura Kemper Toll, a minor, by her next friend, J. S. Bailey, with whom there was joined as coplaintiff the Fidelity National Bank & Trust Company, all domiciled in Kansas City, Mo., to recover from John Colbert and his guarantor, I. D. Block, citizens and residents of Memphis, Tenn., the rents due under a contract of lease entered into August 10, 1920, between the trust company, as guardian for Laura Kemper Toll, and Colbert and Block, lessee and guarantor, respectively. The leased property was situated in Memphis, Tenn. It was inherited by Laura Kemper Toll from her mother, upon whose death letters of guardianship for the daughter were issued to the trust company by the probate court of Kansas City. Thereafter this property, as well as the ward's other real estate in Memphis, was placed in the hands of a real estate brokerage firm of that city, which firm negotiated the lease and indemnity contracts in question. Two of the pieces of property in Memphis which the ward owned were sold by her guardian under authority of a proper chancery court of that city.

A statute of Tennessee makes it unlawful for a foreign corporation to carry on business in that state, other than interstate commerce, without first filing a copy of its charter with the secretary of state. Shannon's Code, §§ 2546, 2547. The courts of the state have held that this statute debars such corporations, which have not qualified to do business in the state, from suing in the state courts upon contracts made in the course of their business. Cary-Lombard Lumber Co. v. Thomas, 92 Tenn. 587, 22 S. W. 743; Advance Lumber Co. v. Moore, 126 Tenn. 313, 148 S. W. 212. The lease and indemnity contracts sued upon here were executed on behalf of Laura Kemper Toll by the plaintiff trust company at Kansas City, Mo. That company has never qualified under the laws of Tennessee to do business in that state. The primary question, therefore, is whether it was doing business in the state, within the meaning of the statute, at the time the lease and indemnity contracts were entered into. Other interesting questions that are argued need not be considered, if this initial question is answered in the negative.

It has been frequently held by the courts of Tennessee that a foreign corporation is doing business in that state when it transacts therein "some substantial portion of its ordinary business." Interstate Amusement Co. v. Albert, 128 Tenn. 417, 161 S. W. 488; Lloyd Thomas Co. v. Grosvenor, 144 Tenn. 347, 233 S. W. 669; Lummus Cotton Gin Co. v. Arnold, 151 Tenn. 540, 269 S. W. 706. The converse of this, as pointed out in the decisions, is that occasional business acts done in the state, which are merely incidental to a business that the corporation conducts at its domicile in another state, are outside the prohibitions of the statute. The results of the application of these rules to the cases

which have been considered have varied according to the particular facts under consideration.

The Fidelity National Bank & Trust Company was authorized by its charter to engage in a trust business at its domicile in Kansas City, Mo. Laura Kemper Toll was a resident of Kansas City, and the trust company was duly appointed her guardian by the probate court of that city. It maintained no office, solicited no business, and was not engaged in handling any other estate in Tennessee. Indeed, it did nothing in that state but look after that part of the property of one of its wards which was situated in the state, and this it did, save for the selling of two pieces of property, through a real estate broker, which attended to renting the property and collecting the rents. To this state of facts there is no controlling analogy in the Tennessee cases which defendants cite. The cases from other states upon which they rely deal with statutes having different phraseology. Besides, this is a Tennessee statute, and we must accept the interpretations that have been placed upon it by the courts of that state. Those courts, as we have stated, have held that the doing of business by a foreign corporation means the transaction of "some substantial portion of its ordinary business," as distinguished from transactions incidental to a business that is conducted outside the state. What the trust company was shown to have done in the instant case was merely incidental to the handling of one estate, which came to it in the regular course of a general business which it was conducting outside the state. This was not, in our opinion, doing business within the meaning of the statute.

Affirmed.